```
 1                IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   UNITED STATES OF AMERICA,      )   Docket No. 11 CR 454
                                    )
 4                 Plaintiff,       )
                                    )
 5            v.                    )   Chicago, Illinois
                                    )   October 13, 2011
 6   NAVAHCIA L. EDWARDS,           )   10:30 o'clock a.m.
                                    )
 7                 Defendant.       )

 8         TRANSCRIPT OF PROCEEDINGS - MOTION, STATUS
             BEFORE THE HONORABLE WILLIAM J. HIBBLER
 9
     APPEARANCES:
10
     For the Government:          HON. PATRICK J. FITZGERALD
11                                United States Attorney, by
                                  MS. KATE ZELL
12                                Assistant United States Attorney
                                  219 South Dearborn Street
13                                Chicago, Illinois 60604

14   For the Defendant:           LAW OFFICE OF THOMAS C.
                                  BRANDSTRADER, by
15                                MR. THOMAS C. BRANDSTRADER
                                  53 West Jackson Boulevard
16                                Suite 615
                                  Chicago, Illinois 60604

17

18   ALSO PRESENT:                MS. CARLA TRAMONTE
                                  U.S. Pretrial Officer
19

20

21

22              ALEXANDRA ROTH, CSR, RPR
                  Official Court Reporter
23              219 South Dearborn Street
                        Room 1224
24               Chicago, Illinois 60604
                     (312) 408-5038
25
```

```
 1         (Proceedings had in open court:)
 2             THE CLERK:  11 CR 454, USA versus Edwards.
 3             MS. ZELL:  Good morning, your Honor.  Kate Zell for
 4    the United States.
 5             THE COURT:  Good morning.
 6             MR. BRANDSTRADER:  Good morning, Judge.  Thomas
 7    Brandstrader, B-r-a-n-d-s-t-r-a-d-e-r.  Ms. Edwards is to my
 8    right.
 9             THE COURT:  Good morning.
10             The matter is up today for a detention hearing.
11             MR. BRANDSTRADER:  Yes, Judge.  On behalf of Ms.
12    Edwards, we filed a motion asking the Court to review the
13    magistrate's order on detention.  I did receive a response from
14    the government.
15             THE COURT:  Okay.  Let me get that here.
16             Do you wish to further argue your motion?
17             MR. BRANDSTRADER:  Judge, only briefly, as we tried to
18    be precise in the motion we set out.
19             It's our belief, Judge, we ask this Court to find,
20    that the Magistrate was too narrow in his weighing of the
21    different factors that he should take into consideration at the
22    time of the request for release.  While he certainly has a
23    right to consider the circumstances of the offense, there also
24    should be some consideration, some acknowledgment, of not only
25    the history and characteristics of the individual, but a
```

1  consideration of the presumption of innocence that obviously
2  applies to cases prior to trial.
3       We think, Judge, in review of the detention transcript
4  which we attached to our motion, that Judge Mason was more
5  concerned and seemed focused only on the facts and the
6  circumstances of the offense and did not give sufficient weight
7  to my client's background, her struggle through life where she
8  made something of herself, and complete absence of criminal
9  background.
10      Also recommendation from pretrial services that they
11 believe there were conditions, circumstances, which could be
12 arranged that would ensure my client's appearance at court when
13 required.  They suggested to the Magistrate electronic
14 detention at her aunt's home, Ms. Anderson's.
15      And, again, Judge, we just ask the Court to -- I think
16 the Court has a right to de novo review magistrate's
17 consideration and find that the focus was too narrow on the
18 facts of the offense.  And proper weight wasn't given to the
19 history and characteristics of the defendant.
20      MS. ZELL:  If I may respond.  Yes, the government
21 feels that even if the scope were broadened to look -- and we
22 believe it was broad enough at the hearing before the
23 Magistrate Judge.
24      But even looking at every factor in this case, the
25 defendant's history, although a good student and having been

1    raised in the foster care environment, she tested presumptively
2    positive for marijuana use on June 21.
3            Additionally she has a written statement indicating
4    that she has performed acts of prostitution for money in the
5    past.  And she has a written confession to two bank thefts from
6    Chase Bank.
7            So although on paper she may look like an A student
8    with no criminal history, the defendant's characteristics do
9    not argue that she is a trustworthy individual who can be
10   trusted to stay perhaps at home on electronic monitoring.
11           Moreover, just turning to the nature of the offense in
12   this case, it was an incredibly violent robbery, as is
13   explained in our response.  The female robber, who matches the
14   height, weight of the defendant, held a gun repeatedly to the
15   head, right to the side of the head, of one of the tellers as
16   she screamed at her to open the vault.
17           The male robber, her accomplice, actual yanked the
18   hair of one of the tellers.  They then bound the tellers,
19   brought one of them to the front of the bank, presumably to
20   have a hostage if they needed one.
21           In this case guns were used.  It was violent.  Those
22   guns have not been recovered.  They're out in the community.
23   There is nothing -- if the defendant is released, there is
24   nothing preventing her from accessing those guns.  Nor has the
25   money been recovered.

1    As we talked about the additional grounds that were
2 argued before, risk of flight.  This -- she is facing a
3 significant sentence in this case.  And over a hundred --
4 $120,000 was stolen.  Almost all of that has remained
5 unrecovered, 117,000.  And every incentive to flee the
6 defendant has if she is released on bond.
7    But primarily this was a violent robbery.  The
8 defendant herself is not the upstanding citizen who should be
9 trusted that -- that has been projected in the filing.
10    So the government argues for continued detention
11 pending trial.
12    THE COURT:  Anything further?
13    MR. BRANDSTRADER:  Judge, I believe, as I read the
14 transcript of the detention hearing, Judge Mason specifically
15 ruled out risk of flight, said it was detention based on danger
16 to the community.
17    As to the admission for her former employer she
18 committed a theft, I don't know if that works for you or
19 against you.  She allegedly, has been charged now, but made an
20 admission to her employer that she committed a theft.
21    She has no violence in her history.  The government
22 again focuses on a bank robbery with guns.  There is a
23 presumption.  My client pled not guilty, presumption of
24 innocence at this point.  There is no reason to believe that if
25 she's placed on bracelet, the second she violates she won't get

1    picked up and brought in.  That's what the jail is for.

2            But we're asking the Court to reconsider Judge Mason's
3    detention in light of the facts -- in light of the
4    recommendation of pretrial services.

5            THE COURT:  The Court, in reviewing the detention
6    hearing before Judge Mason, I must disagree with counsel in
7    that I did not think that that hearing was too narrow in scope.
8    The Judge had before -- the Court had before it the fact that
9    the defendant has no background, is a youthful individual, had
10   information regarding the defendant's admissions to the
11   officers, had information regarding the nature of the offense
12   for which she stood accused.  Despite the fact that there is a
13   presumption of innocence, the Court need not close its eyes to
14   the nature of the circumstances which brought this defendant
15   before that Court.

16           Despite looking for reasons why the Court should be in
17   any way in disagreement with Judge Mason's determination, I
18   find that the Judge's detention ruling was proper in this case,
19   based upon -- even though there is a lack of any substantial or
20   any criminal history -- the nature of this offense, the use of
21   the guns and the way in which they were utilized.

22           The Court is concerned as to the nature of the
23   offense.  And, two, despite the fact that pretrial services has
24   talked about a custodial circumstance whereby there be
25   electronic monitoring, the Court is not convinced that this

1   defendant would comply with those conditions sufficiently to
2   alleviate any concern the Court might have for her continued
3   lack of law-abidingness.
4           Therefore, I am going to deny your request for
5   revocation of Judge Mason's detention order.  And the defendant
6   shall remain pending the disposition in this case.
7           MR. BRANDSTRADER:  We are also here for status, your
8   Honor.  There is one item of evidence that we are most
9   interested in that was requested by the government in the last
10  date, that -- the DNA test and some evidence.  I'm not sure
11  where we're at on that.
12          THE COURT:  Okay.  What's the prognosis as to how long
13  it is going to take to get that?
14          MS. ZELL:  We requested a rush on it, but we haven't
15  yet received that evidence back from the lab.  I can call with
16  them to receive -- they've indicated that they will put it in
17  as a rush.  But until there is something pending immediately,
18  they won't necessarily be able to rush it along.
19          But I will call them again and ask how far along in
20  the line it is for being tested.
21          THE COURT:  Okay.  Then I would suggest maybe about 30
22  to 45 days as a status date?  Hopefully we will have some
23  determination as to that testing by then.
24          THE CLERK:  November 30, Judge?
25          THE COURT:  Is that a good day for you folks to set,

```
 1   November 30?
 2            MS. ZELL:  Yes.
 3            MR. BRANDSTRADER:  3rd or 30?  I'm sorry.
 4            THE CLERK:  30th.
 5            MR. BRANDSTRADER:  That's fine, Judge.
 6            THE COURT:  What time on that day?
 7            I was asking the clerk what time.
 8            THE CLERK:  10:00 o'clock?
 9            THE COURT:  10:00 o'clock.  Okay.  Any objection to
10   exclusion of time?
11            MR. BRANDSTRADER:  None, Judge.
12            THE COURT:  Time will be excluded in the interest of
13   justice.
14            MS. TRAMONTE:  Your Honor.  Carla Tramonte, pretrial
15   services.  We have one housekeeping matter, your Honor?
16            THE COURT:  Yes, ma'am.
17            MS. TRAMONTE:  The defendant's attorney filed a
18   document No. 33, includes two of our pretrial services reports
19   in the document.  And due to the confidential nature of the
20   reports, we are asking that those reports are redacted from the
21   public filing on ECF.
22            THE COURT:  The Court does require, based upon the
23   confidentiality of those records, that any filing remove --
24   those documents be removed from any filing.
25            MR. BRANDSTRADER:  Very good.
```

```
1          THE COURT:  Okay.
2          MS. ZELL:  Thank you.
3       (Which were all the proceedings had at the hearing of the
4          within cause on the day and date hereof.)
5                            CERTIFICATE
6          I HEREBY CERTIFY that the foregoing is a true, correct
7  and complete transcript of the proceedings had at the hearing
8  of the aforementioned cause on the day and date hereof.
9
10   /s/Alexandra Roth                              9/4/2012
     _____       _____
11    Official Court Reporter                       Date
      U.S. District Court
12    Northern District of Illinois
      Eastern Division
13
14
15
16
17
18
19
20
21
22
23
24
25
```